IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOYLE WAYNE BINGHAM, #126074982, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:20-cv-1857-X-BN |
| LASALLE SOUTHWEST CORRECTIONS, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Doyle Wayne Bingham, Charles Inman, Kamrun Russell, Damien Gilley, and Matthew Ross, all inmates at the Johnson County jail, bring this *pro se* "class action" concerning certain conditions of their confinement. They seek monetary damages, claiming that their constitutional rights were violated by their being placed in segregation cells for 30 days during which the lights never dimmed or turned off. *See generally* Dkt. No. 3. And they invoke a pending lawsuit in this district brought by a Johnson County inmate making an identical claim. *See id.* at 1, 3, 5; *Minchey v. LaSalle Sw. Corrs.*, No. 3:20-cv-1066-E-BN, 2020 WL 3065937, at *1 (N.D. Tex. May 20, 2020), *rec. accepted*, 2020 WL 3064803 (N.D. Tex. June 8, 2020).

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

First, given the particularities of this case, the Court has not yet assessed a

filing fee under the Prison Litigation Reform Act ("PLRA"). But the PLRA undoubtedly applies here. And, under the PLRA,

> a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. *See* 28 U.S.C. § 1915(b) (West Supp. 2000). The circuit courts that have squarely addressed the issue have concluded that prisoner-plaintiffs who file a complaint jointly must each pay the full filing fee. *See Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001). The Seventh and Eleventh Circuits disagree, however, as to whether it is permissible for prisoner-plaintiffs to proceed jointly in one action, or whether each plaintiff must file a separate action. *Compare Hubbard*, 262 F.3d at 1198 (each prisoner must bring separate suit since latter-enacted statutory requirement in the PLRA that each plaintiff pay the full filing fee conflicts with and repeals earlier-enacted permissive joinder rules of FED. R. CIV. P. 20), *with Bouribone*, 391 F.3d at 854-56 (multiple prisoner-plaintiffs may proceed together under permissive joinder rule; no conflict between PLRA and Rule 20). The Fifth Circuit has not addressed this issue.

*Beaird v. Lappin*, No. 3:06-cv-967-L, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006); *see also Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009) ("The plain language of § 1915(b)(1) can be read in complete harmony with Rule 20 by requiring each joined prisoner to pay the full individual fee. As the Seventh Circuit reasoned, taking '§ 1915(b)(1) at face value,' the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA." (quoting *Boriboune*, 391 F.3d at 856; footnote omitted).

In *Beaird*, another judge of this Court determined that "the court need not decide" "[w]hether there is a an inherent conflict between the latter-enacted § 1915(b) of the PLRA which requires that each plaintiff pay the full filing fee and the earlier-enacted permissive joinder rules set forth in ... Rule 20" because "the impracticalities and inherent difficulties of allowing [Prisoner-]Plaintiffs to proceed jointly

necessitate a severance of each Plaintiff's claims." *Id.* at *4 (collecting cases and noting that such "impracticalities include, without limitation, inmate transfers, security, the need for each individual Plaintiff to represent himself with regard to his claims, the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, the possibilities of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation"); *see also, e.g., Harrison v. U.S. Marshal Serv.*, No. 3:11-cv-333-K-BH, 2011 WL 1320485, at *2 (N.D. Tex. Mar. 3, 2011) (examining *Beaird* and further observing that "the factual grounds for each inmate's claims may also differ" (citing *Sneed v. Cotton*, No. 3:08-cv-2773-G, 2009 WL 222760, at *1 (N.D. Tex. Jan. 29, 2009))), *rec. accepted*, 2011 WL 1320481 (N.D. Tex. Apr. 6, 2011).

Here, not one of the plaintiffs signed the purported class action complaint. None either paid a filing fee or moved for leave to proceed *in forma pauperis*. And the claims they bring are frivolous for the reasons explained in *Minchey*. Under these circumstances, the undersigned concludes that the "class action" complaint should be dismissed without prejudice to any Plaintiff filing his own, signed amended complaint (if he can overcome the deficiencies discussed below) and either paying the full filing fee or filing his own motion for leave to proceed *in forma pauperis*.

Where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the

complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The fails-to-state-a-claim language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), and neither the PLRA nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

Like Minchey, the plaintiffs here request *only* damages. And, like Minchey, they fail to allege a physical injury based on these conditions, which is significant, because, under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e); *see, e.g., Bernard v. Tong*, 192 F.3d 126, 1999 WL 683864, at *1 (5th Cir. Aug. 9, 1999) (per curiam) ("Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus his action is barred under the PLRA." (citations omitted)).

Their requests for compensatory damages should therefore be dismissed. *See, e.g., Barrett v. Washington Cnty., Miss.*, No. 4:07CV14-P-A, 2007 WL 47497, at *1 (N.D. Miss. Feb. 9, 2007) ("The plaintiff's case must be dismissed because he has suffered no physical injury. A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In this case, the plaintiff has alleged no physical injury, and, indeed, could not reasonably do so given the nature of this claim. Therefore, monetary damages are not available to him. Further, as he has not requested injunctive relief, no relief is available to him, and the instant case shall be dismissed with prejudice for failure to state a claim upon which relief

could be granted.").[1]

And, to the extent that they may recover nominal or punitive damages, which would not be barred under Section 1997e(e) where there is no physical injury, *see Hutchins v. Daniels*, 512 F.3d 193, 198 (5th Cir. 2007) (per curiam), they have not alleged a plausible constitutional violation.

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment," *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

The United States Court of Appeals for the Fifth Circuit has addressed

---

[1] *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("The underlying claim of an Eighth Amendment violation, however, is distinct from this claim for resulting emotional damages. Section 1997e(e) prohibits only recovery of the damages Harper seeks absent a *physical* injury. He also seeks a declaration that his rights have been violated, and he requests injunctive relief to end the allegedly unconstitutional conditions of his confinement; these remedies survive § 1997e(e). We must address, therefore, whether Harper states a nonfrivolous Eighth Amendment claim." (citation and footnote omitted)).

complaints of continuous cell lighting in the context of the Eighth Amendment[2] and began

> by recognizing that while the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain. A two-part test determines whether a prisoner has established a constitutional violation. First, there is an objective requirement to demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. "The second requirement follows from the principle that only the *unnecessary* and wanton infliction of pain implicates the Eighth Amendment." Accordingly, while conditions of confinement that constitute severe deprivations without penological justification violate a prisoner's rights under the Eighth Amendment, a prison regulation that infringes upon a prisoner's constitutional rights will be upheld if it is reasonably related to legitimate penological interests. Moreover, prison officials are not required to adopt the policy least restrictive of prisoners' rights, so long as the policy itself is reasonable.
>
> This court has recognized that sleep constitutes a basic human need. Even assuming arguendo that Chavarria has alleged conditions leading to a sleep deprivation sufficiently serious to be cognizable under the Eighth Amendment, Chavarria cannot establish an Eighth Amendment violation because he cannot show that his deprivation is unnecessary and wanton.

*Chavarria v. Stacks*, 102 F. App'x 433, 435-36 (5th Cir. 2004) (citations and footnote

---

[2] *Cf. Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) ("As a pretrial detainee contesting the conditions of her confinement, Cadena's § 1983 claim invokes the protections of the Fourteenth Amendment. The standard is the same as that for a prisoner under the Eighth Amendment." (citations omitted)); *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) ("Our court has based its Fourteenth Amendment case law concerning pretrial detainees on the Supreme Court's Eighth Amendment precedent concerning prisoners. Among those borrowings is our understanding of subjective deliberate indifference." (citations omitted)).

omitted).

Similarly, the plaintiffs have not alleged facts to show (or provided factual content from which the Court may infer) that the cell lighting policy (1) was implemented with deliberate indifference to them (or other inmates) and (2) is not related to a legitimate penological. *See, e.g., id.* at 436 (observing that a "policy of constant illumination [can be] reasonably related to the legitimate penological interest of guard security").

And, to the extent that the jail has remediated the lighting conditions, the plaintiffs fail to allege facts from the Court may infer that the previous lighting policy was implemented with deliberate indifference. *See, e.g., Martin v. Emmanuel*, No. 19 CV 1708, 2019 WL 4034506, at *1 (N.D. Ill. Aug. 27, 2019) (concluding that "allegations raise an inference of deliberate indifference" where "the City knows that its shelters are disproportionately likely to turn away people with disabilities, and the City has nonetheless failed to fix that disparity" (emphasis omitted)).

## Recommendation

The Court should dismiss Plaintiffs' "class action" complaint under 28 U.S.C. § 1915A(b)(1) without prejudice to any Plaintiff filing his own, signed amended complaint and either paying the full filing fee or filing his own motion for leave to proceed *in forma pauperis*.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE